IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDWARD LONGORIA<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§<br>§<br>§ | CIVIL ACTION NO. 5:21-cv-1171 |
| VIA METROPOLITAN TRANSIT<br>*Defendant.* | §<br>§ | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF EDWARD LONGORIA ("Plaintiff" or "Mr. Longoria"), complaining of DEFENDANT VIA METROPOLITAN TRANSIT ("Defendant" or "VIA") and files this Plaintiff's Original Complaint, asserting claims under Title VII of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act, and Family Medical Leave Act ("FMLA") and would show unto the court as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff EDWARD LONGORIA is a natural person who resides in Bexar County in the State of Texas and is a former employee of Defendant. He worked for Defendant in San Antonio, Bexar County, Texas, until his wrongful termination. All relevant events occurred in Bexar County, Texas, which is in the jurisdiction of this court.

2. Defendant VIA METROPOLITAN TRANSIT is a domestic entity conducting business in the State of Texas in the Western District of Texas, San Antonio Division. Plaintiff requests service of process by the clerk of the court by certified mail, return receipt requested by serving President and CEO Jeffrey C. Arndt at 123 N. Medina St., San

Antonio, TX 78207. However, as required, a request for waiver has been sent to the Defendant.

3. This court has jurisdiction to hear the merits of Plaintiff's claims due to the federal questions raised pursuant to the federal claims listed above. This court further has supplemental jurisdiction as to any remaining related state claims.

4. All the acts alleged herein occurred in San Antonio, Bexar County, Texas, and are within the jurisdiction and district of this court.

## II. FACTUAL BACKGROUND

5. Plaintiff, an Hispanic male in his mid-40's, was employed by Defendant as a bus operator for 23 years until on or about February 2021. At the time of his termination, Mr. Longoria earned approximately $27.28 per hour, earned health and other employment benefits with Defendant, and worked approximately 40 hours weekly.

6. Plaintiff's young daughter suffers from severe asthma. On or about October 2020, Mr. Longoria requested and was approved for approximately six weeks of medical leave through the FMLA to accommodate his daughter's medical condition. In January 2021, Plaintiff requested and was approved for intermittent medical leave to continue to accommodate his daughter's medical condition.

7. Plaintiff also suffers from a hypothyroid medical condition, which substantially impacts the major life activities of sleeping and working. Plaintiff experiences sleeplessness, fatigue, and muscle weakness. Plaintiff previously requested temporary, intermittent medical leave to accommodate his own medical issues.

8. On or about January 26, 2021, Mr. Longoria was assaulted on the bus by two passengers.

9. Plaintiff was placed on a short medical leave and Defendant investigated the assault, which was captured on video. While on medical leave, on or about February 2, 2021, Defendant terminated Plaintiff.

10. The Department Manager, Chuck Bednarz, a Caucasian male, supervised Plaintiff. During Plaintiff's employment, Bednarz generated a termination "hit list" with employee's names. The termination list was known to other supervisors and employees to contain names of employees that took time off and were considered "problematic".

11. Bednarz would and direct other supervisors to "write-up" and/ or terminate employees on the list. Plaintiff's name was on Bednarz's list.

12. Another male, African American operator that previously initiated a physical altercation with a passenger, was not subjected to termination, as Plaintiff was. Defendant offered reinstatement to the African American operator. Defendant did not offer reinstatement to Plaintiff.

13. Plaintiff asserts he was terminated based on age, perception of national origin, and need to take medical leave for his medical condition and that of his daughter, and because of his opposition to discrimination and retaliation. Plaintiff asserts claims based on discrimination, harassment, and retaliation for violation of the Age Discrimination Act, Title VII of the Civil Rights Act of 1964, as amended, based on age, race, and disability, violations of 28 U.S.C., section 1981, and asserts claims under Section 504 of the Rehabilitation Act and Chapter 21 of the Texas Labor Code based on disability and/ or associational disability related to the care of his daughter.

### III. CAUSES OF ACTION

**A. Discrimination Under Title VII and/ or 42 U.S.C. § 1981**

14. Plaintiff realleges and reincorporates the allegations contained in Paragraphs 1 through 13, as if fully restated herein.

15. Defendant's actions, as described herein constitute unlawful discrimination, harassment, and retaliation on the basis of age, race, and/ or perception of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1866, 42 U.S.C. § 1981 by subjecting him to unlawful discriminatory and retaliatory actions described above.

16. As a result of Defendant's unlawful, discriminatory actions set forth above, Plaintiff Longoria has suffered and will continue to suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits for which he hereby sues.

17. As a further result of Defendant's actions, Plaintiff has also suffered non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, damages to his reputation, and loss of enjoyment of life. Plaintiff is therefore entitled to compensatory damages.

18. Defendant's actions were done with malice and/or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages, for which he hereby sues.

19. Plaintiff seeks attorneys' fees and costs of suit under the applicable statutes.

**B. Retaliation Under 42 U.S.C. §§ 1981 and 2000e, et. seq.**

20. Plaintiff realleges and reincorporates the allegations contained in Paragraphs 1 through 13, as if fully restated herein.

21. Defendant intentionally discriminated and retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1866, 42 U.S.C. § 1981, by subjecting him to the unlawful discriminatory and retaliatory actions described above, including termination after his participation in a protected process.

20. Defendants retaliated against Plaintiff because of his participation in a protected process, his opposition to race and perception of national origin discrimination. As a result of Defendant's unlawful, discriminatory, and retaliatory actions, as set forth above, Plaintiff has suffered and will continue to suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits for which he hereby sues.

21. As a further result of Defendant's actions, Plaintiff has also suffered non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, damages to his reputation, and loss of enjoyment of life. Plaintiff is therefore entitled to compensatory damages.

22. Defendant's actions were done with malice and/or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages, for which he hereby sues.

23. Plaintiff seeks attorneys' fees and costs of suit under the applicable statutes.

## C. Claims Arising Under Section 504 of the Rehabilitation Act, U.S.C. Sec. 794, et. seq., Section 451.001 of the Texas Labor Code

24. Plaintiff realleges and reincorporates the allegations contained in Paragraphs 1 through 13, as if fully restated herein.

25. Upon information and belief, Defendant entered into federal contracts and/ or receives or received federal funds or assistance.

26. In the alternative, Plaintiff alleges that based on Plaintiff's association with a disabled individual (Plaintiff's daughter) and his need for related medical leave and accommodations, Defendant discriminated against Plaintiff. Plaintiff has shown: 1) his qualification for the job; 2) an adverse employment action; 3) the employer's knowledge of the employee's disabled relative; and 4) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action.

27. These acts by the Defendant constitute unlawful discrimination and/or retaliation in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 794, et. seq., and entitles Plaintiff to recovery of damages, to include the forfeiture of all monies received by Defendant under all related governmental contracts and/or federal funds or federal assistance received. It is asserted that Defendant received federal funds or supplements or loans through its own interactions and/ or through government contracts as a supplier, contractor, and/or subcontractor, including the Paycheck Protection Program of 2020.

28. These acts by the Defendant constitute unlawful discrimination and/or retaliation in violation of Section 451.001 of the Texas Labor Code, and entitles Plaintiff to recovery of damages.

**D. Claims for Discrimination and Retaliation Arising Under the Age Discrimination Employment Act**

29. Alternatively, Plaintiff asserts the action arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C., section 623, et. seq.

30. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 13 as if fully restated herein.

22. Defendant intentionally discriminated and retaliated against Plaintiff in violation of the ADEA by subjecting him to the unlawful discriminatory and retaliatory actions described above, including termination after his participation in a protected process.

31. Defendants retaliated against Plaintiff because of his participation in a protected process, his opposition to race and perception of national origin discrimination. As a result of Defendant's unlawful, discriminatory, and retaliatory actions, as set forth above, Plaintiff has suffered and will continue to suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits for which he hereby sues.

32. As a further result of Defendant's actions, Plaintiff has also suffered non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, damages to his reputation, and loss of enjoyment of life. Plaintiff is therefore entitled to compensatory damages.

33. Defendant's actions were done with malice and/or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages, for which he hereby sues.

34. Plaintiff seeks reasonable attorneys' fees and costs of suit under the applicable statutes.

## E. Claims Arising Under Chapter 21 of the Texas Labor Code

35. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 13 as if fully restated herein.

23. Defendant intentionally discriminated and retaliated against Plaintiff in violation of the Texas Labor Code by subjecting him to the unlawful discriminatory and retaliatory actions described above, including termination after his participation in a protected process.

36. Defendants retaliated against Plaintiff because of his participation in a protected process, his opposition to race and perception of national origin discrimination. As a result of Defendant's unlawful, discriminatory, and retaliatory actions, as set forth above, Plaintiff has suffered and will continue to suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits for which he hereby sues.

37. As a further result of Defendant's actions, Plaintiff has also suffered non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, damages to his reputation, and loss of enjoyment of life. Plaintiff is therefore entitled to compensatory damages.

38. Defendant's actions were done with malice and/or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages, for which he hereby sues.

39. Plaintiff seeks reasonable attorneys' fees and costs of suit under the applicable statutes.

## IV. JURY DEMAND

40. Plaintiff requests trial by jury on all claims.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendant as follows:

1. Judgment against Defendant for Plaintiff's actual damages, including lost wages,

2. bonuses, salary and benefits (both back pay and front pay), in an amount to be determined;

3. Judgment against Defendant for liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded;

4. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the of the applicable statutes and any other applicable claims including reinstatement, if warranted or feasible;

5. Recoverable damages under the section 504 Rehab Act claim;

6. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

7. Costs of suit, including expert's fees and attorney's fees;

8. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

**/s/ Adam Poncio**
**ADAM PONCIO**
**State Bar No. 16109800**
salaw@msn.com
**ALAN BRAUN**
**State Bar No. 24054488**
abraun@ponciolaw.com
**LORNA R. GRIFFIN, Of Counsel**
**State Bar No. 24109947**
lgriffin@lgriffinlaw.com

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**

**Telephone: (210) 212-7979**
**Facsimile: (210) 212-5880**

*ATTORNEYS FOR PLAINTIFF*