UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

EDWARD LONGORIA,

   *Plaintiff*,

v.                                   **Case No.  SA-21-CV-01171-JKP**

VIA METROPOLITAN TRANSIT,

   *Defendant*.

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Via Metropolitan Transit's (VIA) Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim. *ECF Nos. 15, 17*. This is the third Motion to Dismiss filed in this case. In Response to VIA's Motion to Dismiss, Plaintiff Edward Longoria filed a Response to VIA's second Motion to Dismiss filed on February 18, 2022. *ECF No. 16*. Upon consideration, the Court concludes VIA's Motion to Dismiss is **GRANTED**.

## BACKGROUND

### <u>Factual Background</u>

Longoria was employed by VIA as a bus operator for 23 years until he was terminated on February 2, 2021. During his employment, Longoria's daughter suffered from severe asthma. In October 2020, Longoria requested and was approved for six weeks of medical leave through the Family Medical Leave Act (FMLA) to accommodate his daughter's medical condition. After he

returned to work in January 2021, Longoria requested and was granted intermittent medical leave to continue to accommodate his daughter's medical condition. *ECF No. 13, pars. 5-14.*

Longoria alleges he suffers from a hypothyroid medical condition which causes sleep-lessness, fatigue, and muscle weakness. Longoria alleges he requested temporary, intermittent medical leave to accommodate this medical condition; however, he does not allege or provide facts to discern whether this medical leave was granted. *ECF No. 13, pars. 8-9.*

On January 26, 2021, Mr. Longoria was assaulted by two passengers on his bus. VIA placed Longoria on a leave of absence and investigated the assault. Longoria took medical leave to accommodate the injuries he sustained during the assault. While on medical leave, VIA termi-nated Longoria's employment on February 2, 2021. Longoria filed this suit on November 23, 2021. *Id. at pars. 10-11.*

In his Second Amended Complaint, Longoria alleges he timely filed a Charge of Dis-crimination with the Equal Employment Opportunity Commission ("EEOC") on June 21, 2021. *Id. at pars. 15-*16. The EEOC issued the Notice of Right to Sue Letter on August 27, 2021. Thus, Longoria alleges he "exhausted all administrative remedies and satisfied conditions precedent, pursuant to statutory requirements." *Id. at par. 17.*

In his Second Amended Complaint, Longoria alleges "he was terminated based on race, disability, and need to take medical leave for his medical condition and that of his daughter, and because of his opposition to discrimination and retaliation." *Id. at par. 15.* Based upon these al-legations, Longoria asserts causes of action of "discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964, as amended", "for claims based on race in violation of 28 U.S.C. section 1983"; "claims under the FMLA", and; "claims under Section 504 of the Re-habilitation Act and Chapter 21 of the Texas Labor Code." *Id.* In the Introductory paragraph of

his Second Amended Complaint, Longoria also states he asserts a cause of action under the Americans with Disabilities Act. *Id. at p. 1.*

**Procedural Background**

Longoria[1] filed his Original Complaint on November 23, 2021. *ECF No. 1*. VIA filed a Motion to Dismiss the Original Complaint, which the Court mooted after Longoria filed a First Amended Complaint. *ECF Nos. 5, 7*. On February 18, 2022, VIA filed a second Motion to Dismiss Longoria's First Amended Complaint, which the Court mooted when Longoria filed his Second Amended Complaint. *ECF Nos. 9, 13*. Now before the Court is VIA's third Motion to Dismiss for Failure to State a Claim filed pursuant to Federal Rule 12(b)(6). *ECF No. 15*. Longoria filed a Response; however, he stated it was a "Response to Defendant's Second Motion to Dismiss, filed on February 18, 2022." *ECF No. 16*. In his Response, Longoria refers to factual allegations asserted in his Original Complaint, although the Second Amended Complaint is the live pleading. *Id*.

Based upon this procedural posture, this Court will analyze VIA's third Motion to Dismiss as it pertains to the factual allegations and causes of action asserted in Longoria's Second Amended Complaint. Any responsive argument provided by Longoria that pertains to allegations asserted in the Original Complaint will be construed to pertain to the live pleading, the Second Amended Complaint, to the extent possible.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead

---

[1] Longoria is represented by counsel Adam Poncio, Lorna Griffin, and Alan Braun.

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Federal Rule 12(b)(6), the court's review is limited to the live Complaint and any documents attached to it. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id*. When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

4

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## DISCUSSION

### 1.  REQUEST TO MOOT LONGORIA'S RESPONSE

In its Reply, VIA requests the Court moot Longoria's Response (*ECF No. 16*) as untimely and as ineffective since it is entitled to be a response VIA's second Motion to Dismiss, and this Court mooted VIA's second Motion to Dismiss. This Court will not moot the Response. Any request for affirmative action by the Court is best presented by an independent motion, rather than within the context of a responsive brief. To the extent possible and to the extent it is relevant to the live causes of action presented in Longoria's Second Amended Complaint, the Court will presume Longoria's Response was intended to relate to VIA's third Motion to Dismiss rather than the mooted second Motion to Dismiss as presented.

### 2.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

#### A.  Arguments

VIA contends Longoria failed to exhaust his administrative remedies, which is a condition precedent to suit, and therefore, he fails to state a claim upon which relief may be granted.

5

VIA argues two bases in support of this argument. First, VIA contends it received notice from the EEOC that Longoria filed an "unperfected" Charge of Discrimination, and then it received notice of the EEOC's Right to Sue Letter informing Longoria that it closed the investigation without determination on the merits of the Charge. VIA contends this incomplete investigation is not an affirmative exhaustion of administrative remedies.

Second, alternatively, VIA contends the only investigation that could reasonably arise from the "unperfected" Charge on Discrimination pertain only to "disability" and "retaliation" because those are the only two boxes Longoria checked on the provided form. With regard to any causes of action pertaining to "disability" and "retaliation", VIA contends, these must also be dismissed for failure to exhaust administrative remedies because the Charge of Discrimination contained no factual allegations. Consequently, VIA contends all asserted causes of action should be dismissed for failure to exhaust administrative remedies.

Longoria responds that he properly alleged in his Second Amended Complaint that he filed a timely Charge of Discrimination with the EEOC, received a Right to Sue Letter, and timely filed this suit after receipt. Consequently, Longoria asserts he adequately alleged exhaustion of administrative remedies to survive this Federal Rule 12(b)(6) Motion to Dismiss.

### B.  Legal Standard

As a condition precedent to suit on causes of action for violation of Title VII or the Rehabilitation Act, a plaintiff must first exhaust all available administrative remedies. *Hall v. Cont'l Airlines, Inc.,* 252 Fed. App'x 650, 653 (5th Cir. 2007); 29 C.F.R. § 1614.407. A Plaintiff exhausts available administrative remedies when: (1) he files a timely Charge with the EEOC; (2) the EEOC dismisses the Charge; and (3) the EEOC issues a letter informing the plaintiff of his right to sue in federal court. *Hall,* 252 Fed. App'x at 653. The exhaustion of these remedies is a

statutory condition precedent to bringing suit rather than a jurisdictional prerequisite. *Pinkard v. Pullman–Standard, a Div. of Pullman, Inc.,* 678 F.2d 1211, 1217-18 (5th Cir. 1982). Like Title VII claimants, plaintiffs asserting a cause of action for violation under the TCHRA must first exhaust administrative remedies prior to bringing civil action. *Vielma v. Eureka Co.*, 218 F.3d 458, 462-63 (5th Cir. 2000).

This exhaustion requirement exists to facilitate the EEOC's "investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012). Administrative exhaustion provides an opportunity for voluntary compliance or non-judicial resolution of matters. *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018), aff'd sub nom. *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019); *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006); *Bouaziz v. AZT Corp.*, No. 3:10-CV-0053-B, 2010 WL 2813403, at *1–2 (N.D. Tex. July 9, 2010).

When considering whether a plaintiff exhausted administrative remedies, a court should construe the scope of a claimant's EEOC Charge liberally bearing in mind that "a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006). "With that balance in mind, [a] court interprets what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Id.* at 789 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).

### C. Analysis

In assessing VIA's third Motion to Dismiss as it pertains to the exhaustion-of-remedies argument, the Court will review the allegations in the face of the Second Amended Complaint and the documents attached to the third Motion to Dismiss, which are also referenced in the Second Amended Complaint and are central to Longoria's claims.[2] *See Brand Coupon Network, L.L.C.*, 748 F.3d at 635. These documents consist of the Notice of Charge sent to VIA and the Right to Sue Letter issued by the EEOC and sent to Longoria. *See ECF No. 15, exh. 15-*1. Longoria does not dispute the authenticity or accuracy of these documents, nor does Longoria attach to his Response or to the Second Amended Complaint any other documents related to his EEOC Charge, particularly, the original "unperfected" Charge.

When reviewing the Second Amended Complaint and the scope of the EEOC Charge, the Court views the alleged facts liberally and in the light most favorable to Longoria. *See Martin K. Eby Constr. Co.*, 369 F.3d at 467; *see also ECF No. 15, exh. 15-1*. In the Second Amended Complaint, Longoria alleges he "timely filed his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on June 21, 2021, in accordance with applicable administrative scheme set forth under Title VII. The EEOC subsequently issued the Notice of Right to Sue on August 27, 2021 and Plaintiff filed this lawsuit." *ECF No. 13, par. 4*. The documents attached to VIA's Motion to Dismiss reveal these statements to be true.

---

[2]  Courts in this circuit have taken judicial notice of EEOC documents. *See Jackson v. Wilkie*, No. 4:19-CV-00721, 2020 WL 4912916, at *6 (E.D. Tex. July 21, 2020), report and recommendation adopted, No. 4:19-CV-721, 2020 WL 4884003 (E.D. Tex. Aug. 20, 2020); *Perez v. Brennan*, No. 1:17-CV-00043, 2017 WL 5534244, at *3 (S.D. Tex. Nov. 17, 2017) (finding the ALJ decision and the EEOC appeal decision were matters of public record, were undisputed, and were therefore appropriate for judicial notice); *Hossain v. McHugh*, No. EP-15-CV-00083-KC, 2015 WL 7162022, at *2, n.3 (W.D. Tex. Nov. 13, 2015)("Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially since its authenticity is uncontested.").

### 1.  Premature Right-to-Sue Letter

VIA's primary argument focuses on the EEOC's premature issuance of the Right to Sue Letter. Review of the Right to Sue Letter reveals the EEOC issued it upon Longoria's request and only 67 days after Longoria filed the initial "unperfected" Charge, stating:

> The EEOC issued the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

*ECF No. 15-1.*

VIA is correct in arguing the EEOC's practice of issuing early Right to Sue Letters creates this current situation which undermines Congress's intent for the administrative process, which is to facilitate non-judicial resolution and to preclude any unnecessary civil suits. VIA accurately contends it was not aware of the basis of Longoria's EEOC Charge, nor was it able to provide defense prior to judicial litigation. However, the Fifth Circuit tolerates this practice, interpreting any issuance of a Right to Sue Letter, even if issued without investigation, as satisfactory of the exhaustion-of-administrative-remedies prerequisite to suit. *See EEOC v. Hearst, Co.*, 103 F.3d 462, 468 (5th Cir. 1997)(recognizing the EEOC's alleged premature issuance of right-to-sue letter is not an obstacle to suit); *see also* 50 Drake L. Rev. 1, 2001, Robert A. Kearney, *Who's "In Charge" at the EEOC?*

Because the EEOC issued the Right to Sue Letter in this case, even though premature and without investigation of Longoria's "unperfected" Charge, VIA's first argument for dismissal of suit must fail. *See id.*

## 2.   Scope of EEOC Charge

VIA argues Longoria failed to exhaust his administrative remedies by failing to include the causes of action asserted in this litigation in the EEOC charge, either by failing to check the appropriate box on the form or by failing to provide any factual allegations to support any perceived complaint of discrimination.

The EEOC Charge must be construed liberally because "the provisions of Title VII were not designed for the sophisticated or the cognoscenti, but to protect equality of opportunity among all employees and prospective employees." *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 462 (5th Cir. 1970); *Moore v. Cricket Communications, Inc.*, 764 F. Supp. 2d 853, 859–60 (S.D. Tex. 2011). A plaintiff is not limited to the facts or types of discrimination expressly stated in an administrative complaint to the EEOC, and a Court must conclude a plaintiff exhausted administrative remedies on any cause of action that may be based on any kind of discrimination like or related to the allegations contained on the face of the EEOC Charge. *Sanchez*, 431 F.2d at 463. This liberal construction is limited to "the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges." *Id.*

Using this liberal construction, failure to check a certain box in an EEOC complaint is merely a "technical defect or omission, and a subsequent cause of action may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the allegations therein, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fine v. GAF Chemical Corp.,* 995 F.2d 576, 578 (5th Cir. 1993). However, a court holds sufficient basis to find the plaintiff failed to exhaust administrative remedies on a cause of action when the plaintiff does not fill in the appropriate box on the EEOC Charge which names

the specific type of discrimination that the plaintiff asserts in the court action, coupled with a failure to describe the general nature of the asserted claim(s) in the narrative section of the EEOC Charge. *Miller v. Sw. Bell Tel. Co.*, 51 Fed. Appx. 928, 2002 WL 31415083, *6-7 (5th Cir. 2002); *Anderson v. Venture Express*, 694 Fed. Appx. 243, 247 (5th Cir. 2017); *Boudreaux v. St. Charles Mosquito Control, Inc.*, No. CIV.A. 09-7789, 2010 WL 2854276, at *3 (E.D. La. July 19, 2010). In such a situation, dismissal of the cause of action for failure to exhaust administrative remedies is warranted. *Id.*

### i. Discrimination in violation of Title VII

The EEOC Notice of Charge provided to VIA indicates Longoria presented to the EEOC allegations of disability discrimination and retaliation because these are the only two boxes checked on the face of the EEOC Charge. *ECF No. 15-1.* The Notice of Charge does not indicate Longoria intended to assert any other forms of discrimination because the boxes titled "race", "color", "sex", "religion", "national origin", "age", "genetic information", or "other" were not checked. Longoria does not provide any narrative of the factual basis of these allegations.

Based upon this Notice of Charge, the only investigation that "could reasonably be expected to grow out of the initial charges" is one based upon disability discrimination, only, and any retaliation based upon protected activity related to any disability discrimination. *See Sanchez*, 431 F.2d at 463; *Miller v. Sw. Bell Tel. Co.*, 2002 WL 31415083, *6-7. Longoria did not indicate any intention to allege discrimination based upon race, color, or national origin, nor did Longoria assert any indication of any type of "harassment". Because Longoria did not provide any factual narrative of the basis of his EEOC Charge, this Court has nothing from which to conclude he intended to allege anything other than that indicated by the checked boxes. Conse-

quently, an investigation into harassment or race, color, or national origin discrimination could not reasonably be expected to grow out of the initial EEOC charge.

Thus, the only causes of action asserted in the Second Amended Complaint that are like or related to the claims and investigation arising from the EEOC Charge are disability discrimination and any retaliation based upon protected activity related to any disability discrimination. To the extent Longoria seeks to allege any causes of action based upon harassment or discrimination based upon race, color, or national origin or retaliation based upon protected activity related to this discrimination, his failure to allege this specific discrimination in his EEOC Charge supports dismissal of these cause of action for failure to exhaust administrative remedies.

For this reason, to the extent Longoria seeks to allege any causes of action based upon harassment or discrimination based upon race, color, or national origin or retaliation based upon protected activity related to this discrimination, these causes of action are dismissed for failure to exhaust administrative remedies. Consequently, the Court will proceed to address the only form of discrimination that is indicated on the EEOC Charge and that can reasonably be expected to grow out of the allegations in the Charge: disability discrimination and retaliation based upon protected activity related to this alleged disability discrimination.

### ii. Discrimination in Violation of Chapter 21 Texas Labor Code: TCHRA Cause of Action

Longoria's Second Amended Complaint alleges causes of action of disability discrimination and retaliation in violation of the Texas Labor Code.

"[C]ourts refer to Chapter 21 of the [Texas] Labor Code as the Texas Commission on Human Rights Act [TCHRA]." *Prairie View A&M University v. Chatha*, 381 S.W.3d 500, 502 n.1 (Tex. 2012). The TCHRA is modeled after Title VII of the federal Civil Rights Act of 1964 and imposes a requirement that a claimant file an initial complaint with the Texas Workforce

12

Commission Civil Rights Division or the EEOC should an alleged unlawful employment practice occur. *Id.* at 503; Tex. Labor Code Ann. § 21.202.[3] When an employee files a Charge with the EEOC, the charge will also be considered filed with the Texas Workforce Commission. *Vielma v. Eureka Co.*, 218 F.3d 458, 462–63 (5th Cir. 2000); *Griffin,* 26 F.3d at 612–14; *Price v. Philadelphia Am. Life Ins. Co.,* 934 S.W.2d 771, 773 (Tex.App.-Houston [14th Dist.] 1996, no writ). However, a claimant must receive a Right to Sue Letter from the Texas Workforce Commission to complete exhaustion of administrative remedies on a cause of action for violation of the TCHRA. *Vielma*, 218 F.3d at 463. Receipt of an EEOC Right to Sue letter does not satisfy this requirement. *Id.* Unlike Title VII, a claimant who seeks to assert violations under the TCHRA must file suit within sixty (60) days of receipt of the Right to Sue Letter. *Id.* at 463; Tex. Labor Code Ann. § 21.202.

In the Second Amended Complaint, Longoria did not assert he filed an initial complaint with the Texas Workforce Commission Civil Rights Division; he only asserts he filed a Charge of Discrimination with the EEOC. Longoria asserts only that he received a Right to Sue Letter from the EEOC; he does not allege he received a similar letter from the Texas Workforce Commission. The face of the Second Amended Complaint and the documents provided reveal Longoria did not pursue administrative remedies with either the EEOC or the Texas Workforce Commission Civil Rights Division with respect to any claim of violation of the TCHRA under the Texas Labor Code. Consequently, to the extent Longoria seeks to allege any causes of action

---

[3] In both the federal and Texas state systems, a complainant must file a complaint with the appropriate agency before filing suit. *Vielma*, 218 F.3d at 462–63. In 1989, the TCHR and the EEOC entered a Worksharing Agreement to minimize unnecessary duplication of effort and make the operations of the two agencies more efficient. *Id.* Under the Worksharing Agreement, "the EEOC and the [TCHR] each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges." 1998 Worksharing Agreement § II(A); *Vielma*, 218 F.3d at 462–63.

based upon violation of the TCHRA, these causes of action are dismissed without prejudice for failure to exhaust administrative remedies.

For the reasons stated, Longoria's cause of action for violation of the TCHRA under Chapter 21 of the Texas Labor Code is dismissed.

### 3.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

In the alternative, VIA contends Longoria's remaining causes of action should be dismissed for failure to state a claim upon which relief can be granted under Federal Rule 12(b)(6). These remaining causes of action are: retaliation and disability discrimination in violation of Title VII, the FMLA, and the ADA; violation of 504 of the Rehabilitation Act, and; race discrimination in violation of 1983.

To survive a Federal Rule 12(b)(6) motion, an employee does not need to plead, submit evidence, or establish a prima facie case of discrimination at the pleading stage of the litigation. However, a plaintiff must "'plead sufficient facts on all of the ultimate elements . . . to make [their] case plausible.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019)(quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)). To satisfy this pleading requirement, a plaintiff does not need to provide detailed factual allegations but must provide grounds of his entitlement to relief. This pleading requirement necessitates "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Therefore, the Court's task is to identify the elements of a cause of action and then determine whether the plaintiff plead sufficient factual allegations in support of the asserted elements to state a plausible claim, and thereby, survive a motion to dismiss. *Cicalese*, 924 F.3d at 766–67.

**A.  American with Disabilities Act (ADA)**

In the first paragraph of the Second Amended Complaint, Longoria lists violation of the Americans with Disabilities Act (ADA) as a cause of action asserted therein. *ECF No. 13, p. 1*. However, Longoria does not include violation of the ADA as a cause of action under the appropriate section titled "CAUSES OF ACTION". *Id. at pp. 4-8*. Nowhere in the Second Amended Complaint does Longoria include any allegations to support a cause of action for disability discrimination in violation of the ADA. Longoria does not provide any factual support for the Court to determine the disability upon which any cause of action could be based. The ADA is listed only in the opening paragraph of the Second Amended Complaint and nowhere else.

Because Longoria does not provide grounds for his entitlement to relief for disability discrimination under the ADA, to the extent he intends to assert this cause of action, it shall be dismissed. *See Twombly*, 550 U.S. at 555.

**B.  Title VII**

**1.  Disability Discrimination**

In the Second Amended Complaint, Longoria states he "suffers from a hypothyroid medical condition" and he was terminated based on disability. *ECF No. 13, par. 15*. In the Cause of Action Section titled "discrimination & Retaliation Under Title VII, and the FMLA," Longoria states: "he was a member of a protected class; he was qualified for his position as bus operator; he was subjected to adverse employment actions; and was treated less favorably by Bednarz than other similarly situated members who were not members of the protected class." *Id. at par. 20*. Later in the same section, Longoria states: "[VIA's] actions, as described herein, constitute unlawful discrimination, harassment, and retaliation on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the FMLA." *Id. at par. 23*.

Based upon this vague and conclusory recitation of the elements of a cause of action under Title VII, construing Longoria's Second Amended Complaint broadly, the Court can only surmise Longoria intends to assert a cause of action for violation of Title VII based upon discrimination of his disability. Although Longoria later states the alleged discrimination was based upon race, this Court has already dismissed any intended race-based cause of action due to failure to exhaust administrative remedies.

Longoria's Title VII claim based upon disability discrimination fails as a matter of law because Title VII does not proscribe discrimination based upon disability. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007); 42 U.S.C. § 2000e–2 (prohibiting employment discrimination on the basis of "race, color, religion, sex, or national origin"); *Blow v. City of San Antonio*, 236 F.3d 293, 296–97 (5th Cir. 2001) (requiring a *prima facie* showing that the plaintiff is a member of a protected class).

To the extent Longoria's allegations could be construed as another cause of action or to be based upon harassment, Longoria must provide more than a formulaic recitation of the elements of his cause of action to satisfy his pleading requirement. *See Twombly*, 550 U.S. at 555. Consequently, Longoria's mere statement that he is a member of a protected class without indication of the protected class is insufficient to support a cause of action for discrimination or harassment under Title VII. This failure to provide sufficient allegations to support any element of discrimination based upon membership in a protected class is fatal to Longoria's cause of action for violation of Title VII. *See Washburn*, 504 F.3d at 508; *Twombly*, 550 U.S. at 555.

For these reasons, Longoria's construed cause of action for discrimination fails as a matter of law. This cause of action shall be dismissed.

16

### 2. Retaliation

To establish a *prima facie* case of retaliation, a plaintiff must show: (1) he engaged in an activity protected by Title VII; (2) the defendant engaged in a materially adverse action following the protected activity; and (3) a causal link exists between the protected activity and the materially adverse action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 507 (5th Cir. 1994). "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 385 (5th Cir. 2003)(internal quotations omitted); *Williams v. Recovery Sch. Dist.*, 859 F. Supp. 2d 824, 830–31 (E.D. La. 2012). At the pleading stage, failure to allege participation in protected activity is fatal to a retaliation claim. *Martinez v. City of Weslaco Tex.*, No. 7:12-CV-417, 2013 WL 2951060, at \*8 (S.D. Tex. June 14, 2013); *see also, Mitchell v. Darling Ingredients, Inc.*, No. CV 20-889-JWD, 2022 WL 458397, at \*10 (M.D. La. Feb. 4, 2022). Further, vague or general allegations of some activity or failure to reference any specific unlawful employment practices under Title VII is not sufficient to adequately plead a retaliation cause of action. *Mitchell,* 2022 WL 458397, at \*10.

In the Second Amended Complaint, Longoria states he engaged in "protected activity" and is a member of a "protected class." *ECF No. 13, pars. 20, 21*. Longoria supports these allegations with reference to the retaliation "described herein" in the Second Amended Petition. *Id. par. 19*. Later, Longoria also states VIA retaliated against him "because of his participation in a protected process and his opposition to race discrimination." *Id. at pars. 29 and 39*.

While Longoria states he requested leave to accommodate his "medical issues" and VIA terminated him after taking "medical leave", he failed to allege he engaged in any protected ac-

tivity with regard to any disability discrimination. While Longoria does literally state he engaged in "protected activity", he does not provide any other statement or assert any facts regarding the "protected activity" he engaged in. *ECF No. 13, pars. 7, 8, 9 and 11.*

The Court can only surmise the "protected activity" to which Longoria refers is his FMLA leave to accommodate his daughter's medical condition. However, even this allegation is vague, and fails to provide grounds of his entitlement to relief. Longoria must provide more than a formulaic recitation of the elements of his cause of action to satisfy his pleading requirement. *See Twombly*, 550 U.S. at 555. Consequently, Longoria's mere statement that he engaged in a "protected activity" is insufficient to support a cause of action for retaliation under Title VII. Further, even if the Court surmises the "protected activity" to which Longoria refers is his FMLA leave to accommodate his daughter's medical condition, taking FMLA leave is not a "protected activity" under Title VII. See *Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d at 385. This failure to provide sufficient allegations to support this element of a retaliation cause of action is fatal to his cause of action for retaliation in violation of Title VII. *See Mitchell,* 2022 WL 458397, at *8-11; *Twombly*, 550 U.S. at 555.

For these reasons, the Second Amended Petition does not provide the requisite factual basis or legal theory in support of Longoria's retaliation cause of action. Therefore, this cause of action shall be dismissed for failure to state a claim.

### C.   FMLA

In support of his cause of action for violation of the FMLA, Longoria "asserts that 1) during his employment . . . he was protected under the FMLA; 2) he was subjected to discrimination and retaliation because of his medical leave; and 3) he was treated less favorably than other employees who had not requested FMLA." *ECF No. 13, par. 22*. Longoria also asserts he "engaged

in protected activity and [VIA] terminated [him] shortly thereafter." *Id. at par. 21*. In the factual allegations, Longoria also alleges that shortly after taking intermittent leave to continue to accommodate his daughter's medical condition, he was terminated. *Id. at par. 9*.

The FMLA entitles employees to a total of twelve weeks of leave in a one-year period to care for a daughter who has a serious health condition. 29 U.S.C. § 2612(a)(1)(C); *Arismendiz v. Univ. of Tex. at El Paso*, 536 F. Supp. 2d 710, 715 (W.D. Tex. 2008). In addition, the FMLA entitles employees to the right to unpaid leave for a period of up to 12 workweeks where an employee has "a serious health condition that makes [him] unable to perform the functions of [his] position." *Martinez v. City of Weslaco Tex.*, 2013 WL 2951060, at *4.

The FMLA protects employees from both interference with exercising this right to leave as well as protection from retaliation or discrimination based on exercising their FMLA rights. 29 U.S.C. § 2615(a)(2); *Martinez v. City of Weslaco Tex.,* 2013 WL 2951060, at *4. Moreover, employers may not "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA. *Id*.

### 1. **Own medical condition**

In the Second Amended Complaint, Longoria alleges he suffers from a hypothyroid medical condition, and he "previously requested from [VIA] temporary, intermittent medical leave to accommodate his own medical issues." *ECF No. 13, par. 8*. Based upon this rudimentary and vague allegation, Longoria fails to state a plausible claim for violation of the FMLA based upon his own health condition. Longoria does not allege or provide facts to discern whether this medical leave was granted or denied, nor does he provide any factual detail or any other allegations from which this Court could find he alleges a causal connection between his request for FMLA leave and his termination.

For this reason, Longoria fails to state a plausible claim for violation of the FMLA as it pertains to his own medical issue. To the extent Longoria attempts to assert a cause of action for violation of the FMLA on this basis, it shall be dismissed.

### 2.   Care for his daughter

Review of the allegations in the Second Amended Complaint, reveals Longoria affirmatively alleges VIA provided him with requested leave to care for his daughter, and he was reinstated to his same position following his leave. *ECF No. 13, par. 6.* Thus, based upon these factual admissions, to the extent he attempts to do so, Longoria cannot state a plausible claim for denial of his FMLA rights or denial of his right to reinstatement based upon FMLA leave taken to care for his daughter. Based upon the factual allegations, the Court can only surmise Longoria seeks to assert a cause of action for retaliation for exercising his FMLA right to take medical leave to care for his daughter.

The elements of a cause of action for violation of the FMLA based upon retaliation for exercising protected rights are: (1) the employee engaged in protected activity or is protected under the FMLA; (2) the employer took a materially adverse action against him; and either (3a) he was treated less favorably than an employee who had not requested leave under the FMLA, or (3b) a causal link exists between the protected activity and the adverse action. *Besser v. Tex. Gen. Land Office*, 834 Fed. Appx. 876, 881–82 (5th Cir. 2020); *see also Martinez v. City of Weslaco Tex.*, 2013 WL 2951060, at *5. The employee does not have to show that the protected activity is the only cause of his termination; however, he is required to show the protected activity and the adverse employment action are related. *Long v. Eastfield Coll.,* 88 F.3d 300 n. 4 (5th Cir. 1996); *Mauder v. Metro. Transit Auth. of Harris County, Tex.*, 446 F.3d 574, 583 (5th Cir. 2006).

In the "Factual Background" section of the Second Amended Complaint, Longoria states generally he was subjected to discrimination and retaliation because of his medical leave. *ECF No. 13, par. 15*. Although vague and formulaic, construing his allegations broadly and in the light most favorable to Longoria, the Court finds Longoria sufficiently plead the first two elements of this cause of action. However, Longoria fails to assert adequate allegations to satisfy either of the alternative third elements.

In his recitation of the elements of his FMLA cause of action, Longoria specifically limits the factual basis of this cause to element 3a stating, "he was treated less favorably than other employees who had not requested FMLA." Longoria fails to allege any factual detail pertaining to any other employee who did not request FMLA leave but was treated more favorably. Longoria provides no pleading or factual allegation to support this element. With regard to element 3(a) of the FMLA retaliation cause of action, while Longoria did state "he was treated less favorably than other employees who had not requested FMLA", he must provide more than a formulaic recitation of this element to support this cause of action. *See Twombly*, 550 U.S. at 555. Consequently, any cause of action for retaliation in violation of the FMLA must fail.

With regard to element 3(b), Longoria failed to allege his termination was causally linked to his taking FMLA leave to care for his daughter and specifically omits this alternative theory in his recitation of the elements of this cause of action. *See ECF No. 13, par. 22*. Longoria leaves this element to presumption and implication. Longoria also implies his termination was based upon other reasons such as race, harassment, disability, and retaliation for other "protected activity." *Id. at pars. 20, 23*. For this reason, Longoria failed to allege with adequate clarity that his termination was causally linked to his taking FMLA leave to care for his daughter to state a plau-

sible claim for retaliation in violation of the FMLA. For this reason, to the extent he intends to state this cause of action, it shall be dismissed.

For the reasons stated, Longoria fails to allege sufficient facts to state a claim for any violation of the FMLA or for any form of discrimination in violation of the FMLA. Even upon liberal construction of the factual allegations in the Second Amended Complaint, Longoria's cause of action for violation of the FMLA shall be dismissed.

### D. Violation of 42 U.S.C. 1983 and 42 U.S.C. 2000e

Longoria asserts a cause of action "arising under 42 U.S.C. § 1983 and 42 U.S.C. § 2000e", stating VIA retaliated against him "because of his participation in a protected process and his opposition to race discrimination." In the previous recitation of the factual background supporting the causes of action, Longoria alleged:

> "The Department Manager, Chuck Bednarz, a Caucasian male, supervised Plaintiff. During Plaintiff's employment, Bednarz generated a termination "hit list" with employee's names. The termination list was known to other supervisors and employees to contain names of employees that took time off from work and were considered "problematic". Bednarz would and direct other supervisors to "write-up" employees on the list in an effort to subsequently terminate them. Plaintiff's name was on Bednarz's list. Another male, African American bus operator that previously initiated a physical altercation with a passenger, was not subjected to termination, as Plaintiff was. Defendant offered reinstatement to the African American operator. Defendant did not offer reinstatement to Plaintiff. Plaintiff asserts he was terminated based on race, disability, and need to take medical leave for his medical condition and that of his daughter, and because of his opposition to discrimination and retaliation.

*ECF No. 13, pars. 12-15.*

"Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). There can be no § 1983 liability unless the plaintiff suffered a constitutional or statutory violation at the hands of a state actor. *Doe ex*

*rel. Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 867 (5th Cir. 2012) (en banc); *Montgomery-Smith v. Louisiana Dep't of Health & Hosps.*, 299 F. Supp. 3d 790, 806 (E.D. La. 2018), *aff'd sub nom. Montgomery-Smith v. George*, 810 Fed. Appx. 252 (5th Cir. 2020). "However, § 1983 'is not an available remedy for deprivation of a statutory right when the right itself'—in this case, the right to be free from discrimination in the workplace under Title VII—'provides an exclusive remedy for violations of its own terms.'" *Montgomery-Smith*, 299 F. Supp.3d at 806 (quoting *Johnston v. Harris Cty. Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989)). "Thus, although allowing a plaintiff to pursue a separate claim for a violation of a constitutional or statutory right under Title VII is proper, '[a]llowing a plaintiff to state a discrimination claim under § 1983 as well would enable him to sidestep the detailed and specific provisions of Title VII.'" *Id*.

Longoria alleged the actions of his supervisor, Bednarz, in his individual capacity, to retaliate, discriminate, or harass him violates 42 U.S.C. § 1983. However, Longoria does not reference any underlying constitutional or statutory violation other than Title VII. Even in his enunciation of this § 1983 cause of action, Longoria ties the alleged discrimination to violation of 42 U.S.C. 2000e. *See ECF No. 13, pars. 28-32*. Longoria states, VIA "retaliated against [him] because of his participation in a protected process and his opposition to race discrimination" as support for his § 1983 cause of action. *Id. at par. 29*. The absence of any statutory right, aside from Title VII, is fatal to Plaintiff's Section 1983 claim. *Montgomery-Smith*, 299 F. Supp. 3d at 806. In addition, Longoria failed to set forth any allegations that VIA or any supervisor acted under the color of state law.

For these reasons, Longoria's cause of action for violation of § 1983 claims must be dismissed. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d at 867.

### E.  Section 504 of the Rehabilitation Act

To assert a claim under Section 504 of the Rehabilitation Act, a plaintiff must allege: (1) he is a qualified individual with a disability; (2) he has been subjected to discrimination solely because of his disability; and (3) the program at issue receives federal financial assistance. *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671 (5th Cir. 2004). A plaintiff must provide facts, more than the mere possibility, to support the allegation that the defendant discriminated based on a disability. *Id*.

#### 1.  Longoria's own medical condition

Longoria provides no allegation that he was terminated solely because of an alleged disability. In fact, as discussed, Longoria alleges his employment was terminated for many other reasons, such as his race, his need to take "medical leave," his need for leave to care for his daughter, and his participation in a "protected process" or "protected activity." *ECF No. 13, par. 15*.

Additionally, Longoria fails to assert any allegation connecting his termination to his "medical condition." Instead, Longoria states in conclusory fashion that he was discriminated against based on his alleged "medical condition." As discussed previously, these conclusory statements and mere recitation of the elements of a cause of action, unsupported by any factual allegations are not sufficient to state a plausible claim. *See Twombly*, 550 U.S. at 555.

For these reasons, Longoria's cause of action for violation of Section 504 of the Rehabilitation Act must fail and shall be dismissed.

#### 2.  Associational disability discrimination

The Court will construe Longoria's Second Amended Complaint broadly to the extent he seeks to assert a cause of action for violation of Section 504 based upon associational discrimination.

"To the extent that the Rehabilitation Act allows claims of associational discrimination (claims alleging discrimination by reason of an individual's association with a disabled person), such a claim requires a showing that the adverse actions were solely caused by an association with a disabled person." *Franklin v. Union Pac. R.R. Co.*, No. SA-17-CV-00020-OLG, 2018 WL 8576557, at *11 (W.D. Tex. May 15, 2018)(quoting *Morran v. Nevada Sys. of Higher Educ.*, 482 F. Supp. 2d 1202, 1209 n.5 (D. Nev. 2007)). To present a *prima facie* case of associational discrimination, a plaintiff must allege (1) his qualification for the job, (2) an adverse employment action, (3) the employer's knowledge of the employee's disabled relative, and (4) the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action. *Id.* (citing *Grimes v. Wal-Mart Stores Texas, L.L.C.*, 505 Fed. Appx. 376, 380 (5th Cir. 2013)).

As discussed previously, Longoria asserts only a formulaic recitation of the elements of this cause of action by stating: "Plaintiff has shown: 1) his qualification for the job; 2) an adverse employment action; 3) the employer's knowledge of the disabled relative; and 4) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action." *ECF No. 13, par. 35*. Longoria fails to provide sufficient factual grounds of any of the elements of an associational disability discrimination cause of action. Longoria fails to allege his association with a disabled relative was a determining factor in the termination of his employment or that the "the adverse actions were solely caused by an association with a disabled person." *See Franklin*, 2018 WL 8576557, at *11. Instead, Longoria alleged multiple reasons for his termination, and Section 504 of the Rehabilitation Act requires his disability to be the only reason. *See id*.

Because the factual allegations do not raise a right to relief above the speculative level, but instead, present a presumptive possibility that VIA acted in violation of Section 504, Longoria failed to state a claim for which relief may be granted under the Rehabilitation Act for associational disability discrimination. *Twombly*, 550 U.S. at 555.

### LEAVE TO AMEND

Federal Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, Federal Rule 15(a) favors granting leave to amend unless a substantial reason exists, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000). Consequently, though Courts readily provide the opportunity to amend a deficient complaint before dismissing it with prejudice, such is appropriate when the plaintiff was previously provided ample opportunity to cure the deficiencies. *Foman*, 371 U.S. at 182; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

This Court provided Longoria two opportunities to amend his Complaint following three previous Motions to Dismiss pursuant to Federal Rule 12(b)(6). This Court provided Longoria specific instruction to cure specific deficiencies. Based upon the two previous opportunities to amend his Complaint, Longoria has been given ample opportunity to plead his plausible causes of action in satisfaction of Federal Rule 15(a). *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002). Consequently, this Court will not allow Longoria the opportunity to amend his Complaint a third time.

**CONCLUSION**

For the reasons stated herein, the Court **GRANTS** VIA's third Motion to Dismiss for

Failure to State a Claim. All causes of action that may be asserted related to the facts supporting

this case are **DISMISSED WITH PREJUDICE**. Any pending motions are dismissed as moot.

The Clerk of Court is directed to close the case and enter a Clerk's Judgment.

It is so ORDERED.
SIGNED this 6th day of May, 2022.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE